working around the machine without preventing the use of the same. This provision devolves no greater duty upon the master than the common law did. Freeman v. Mill Co., 70 Hun, 530, 534, 24 N. Y. Supp. 403. That duty has been performed. Buckley v. Manufacturing Co., supra. Of course, if this statute had prescribed that no cogs should be used except such as could be completely boxed in from sight and touch, then another question would have been presented. It is not perfectly clear that the clause, "in the discretion of the inspector," does not qualify that in relation to the cogs; and, if this be so, then the latter would be inoperative until such discretion had been exercised. A legislative intent to vest the inspector with a discretion to designate, within certain limitations, the specific requirements to be enforced in relation to the special machine or appliance, is suggested—First, by the title,—to regulate the employment of women and children in manufacturing establishments, and the enforcement of same by inspectors; second, by the necessity of vesting such discretion in some one, owing to the impossibility of naming in a statute the specific safeguards to be applied to each part of every one of the many thousand kinds of machinery; third, by the use of the phrase, "in the discretion of the inspector," in the section in question; and, fourth, by the amendment of this section (Laws 1892, c. 673, § 8) authorizing the inspector to prohibit the use of any machinery till "the required safeguards are provided." There is no conflict between our views and those of the court in Simpson v. Rubber Co., 80 Hun, 416, 30 N. Y. Supp. 339, for the only question passed upon. in that case was whether an employé could waive the neglect of his employer to provide the safeguards required by the statute. The exceptions must be overruled, and judgment ordered for defendant, with costs.

---

(13 Misc. Rep. 389.)

### EIFINGER v. BROOKLYN HEIGHTS R. CO.

(City Court of Brooklyn, General Term. June 24, 1895.)

DAMAGES FOR PERSONAL INJURIES—WHEN NOT EXCESSIVE.

> A verdict for $3,600 for personal injuries is not excessive where it appears that plaintiff, who was 64 years old, was strong and healthy, and working every day in his business, was badly bruised, and his fifth rib broken, rendering him unconscious for a time; that he was confined to his house for eight weeks; that he had a permanent pleuritic thickening, which diminished his respiration; that breathing or lifting gave him pain in the injured side; that he suffered from insomnia; and that his injuries have so far changed his physical condition as to disable him from working in his business for more than half the time.

Appeal from trial term.

Action by Anton Eifinger against the Brooklyn Heights Railroad Company for injuries to plaintiff's person and goods. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Morris & Whitehouse, for appellant.
Dailey, Bell & Crane, for respondent.

VAN WYCK, J.   This action was brought to recover damages for injuries to plaintiff's person, wagon, and goods through the alleged negligence of defendant.   The jury gave plaintiff a verdict for $3,608, and from the judgment entered thereupon, and from the order refusing a new trial, this appeal has been taken.   Counsel for appellant urges a reversal on three grounds: First, that the motion for nonsuit should have been granted; second, that the testimony of Dr. Adams, found at folios 107 to 123, was improperly admitted against objection; and, third, that the verdict is excessive.

We have considered and weighed carefully the testimony bearing upon the first ground, viz. the want of negligence of defendant, and the contributory negligence of plaintiff, and are satisfied, not only that there was sufficient to carry these questions to the jury, but that the jury rightfully decided both questions in favor of the plaintiff.   The plaintiff was driving his wagon on the car track on Myrtle avenue, going towards Ridgewood, and was in plain sight of defendant's motorman, whose car was moving on the same track, and in the same direction, at a considerable distance behind the wagon.   We are convinced that the motorman carelessly and recklessly drove his car against the wagon while plaintiff was making every proper effort to get it off the track and out of the motorman's way.   The injuries were caused by such collision. From the evidence it appears that the plaintiff was a perfectly sound and healthy man before the accident, working every day in his peddling business; that in the collision he was thrown from his wagon to the street, striking his right side with such violence as to badly bruise him in that region, and fracture his fifth rib, and rendering him unconscious for a time; he was confined to his house for eight weeks, and suffered much from pain, experiencing at once a difficulty of breathing and asthmatic respiration, with fever; that he has a permanent pleuritic thickening and diminished respiration, and has suffered much with pain continually, from the accident to the present time; that breathing or lifting still gives him pain in the injured side, and he has ever since been restless in sleep, and suffers from insomnia; that such injuries have so far changed his physical condition as to disable him from working at the usual business more than half the time, whereas formerly his robust condition enabled him to work all the time.   The extra strain of such an accident, including pain, confinement, loss of sleep, diminished respiration, pleuritic thickening, disability to breathe or lift without pain, disability to attend as formerly to his business, worry and uneasiness incident to these, upon the naturally waning vitality of a man of 64, is a serious matter indeed, for he has no longer the rebound and recuperative powers of youth.   The cost of repairing wagon, loss of merchandise, bills of doctors and druggist will amount to over $100.   Though we think the amount of the verdict is a full, and perhaps a generous, compensation for

those injuries to plaintiff and his property, yet it does not suggest to our minds any disregard by the jury of the instruction that the damages awarded must only be compensatory.   Conservative men will necessarily differ in their estimation of damages for personal injuries, more than they will for those to articles of commerce.    In the latter class they have the aid of the trade report quotations, but in the former class no such definite source of information can be resorted to.   Under the circumstances of this case, we do not feel that we would be justified in disturbing the verdict on the ground of excess.

We have examined the testimony of Dr. Adams, and considered the objection that plaintiff's counsel failed to make good his assurance of connecting it with the accident.   If he did so fail, then defendant's counsel should have moved to strike it from the case, or should have requested the court to instruct the jury to disregard it; but it seems to us it was connected with the accident, for it referred to the present condition of the side that was injured, and the rib that was fractured, and the impaired respiration that immediately followed the accident.   The admission of such portion of this doctor's testimony as was excepted to seems to us to have been proper, both in its form and substance.   He only enumerated the injuries and impairment that he found in the definitely fixed wounded region a short time before the trial, which corresponded to those that the plaintiff and other witnesses had already specified as caused by, or immediately following, the accident.   We cannot believe it is seriously urged to be error to permit an expert physician to testify that the thickening of the pleura which he found will be permanent, and that he knows this to a reasonable certainty.

Judgment and order must be affirmed, with costs.